## WALLER v. HOGAN.

The petition not stating the contents or setting forth any abstract or summary of the *certiorari* proceedings referred to therein, and no copy of the same being annexed or referred to as an exhibit, it is not duly certain that the pendency of said proceedings was an obstacle to executing the order of the ordinary granting the administrator leave to sell the real estate in question, and the sale not being attacked as voidable on the ground that the wife of the administrator was the purchaser, this court cannot hold that the superior court erred in sustaining the demurrer to the petition and in dismissing the action.                Judgment affirmed.
July 17, 1893.

Equitable petition. Before Judge GAMBLE. Baldwin superior court. July term, 1892.

Sarah Hogan, widow of Jeff. Hogan, brought her petition against Ruth Hogan *et al.*, on November 13, 1891. She alleged, that Jeff. Hogan died, leaving only a house and lot appraised by duly appointed appraisers at same time under due appointment, setting apart to Sarah Hogan on formal application $100 for support; that on the first Monday in October the ordinary confirmed said report and ordered the administrator, Jim Hogan, to sell said property for payment of debts and for distribution, Sarah Hogan being absent and in feeble health; that on October 14th, she applied for writ of *certiorari*, which was granted and served on the ordinary on October 20, 1891; that the writ was brought to the notice of Sanford, attorney for Jim Hogan, with request that he notify his client not to proceed under said judgment of the ordinary; that Sarah Hogan, relying upon Sanford's knowledge that the writ of *certiorari* operates as a *supersedeas* of the judgment sought to be reversed, omitted to attend at the time and place advertised for sale of the property, the first Tuesday in November, and Jim Hogan and Sanford conspired in contempt of the precept of the superior court, and did formally expose

the property to sale and sold it to Ruth Hogan, wife of Jim, for $175, who is seeking to evict Sarah from the premises and slandering her interest and title therein as year's support. The prayer was, for injunction requiring Ruth and Jim Hogan and Sanford to desist, under penalty, from all other proceeding under said suspended order of the ordinary in said pretended sale, or otherwise from disturbing or slandering the possession and title of petitioner to the premises, until final order to the contrary, etc. A temporary restraining order and rule *nisi* were granted, and on January 20, 1892, the court ordered that the injunction be continued until further order. On May 6, 1892, an amendment was filed by Waller as administrator of Sarah Hogan who died on January 29, 1892. He alleged, that he was appointed as such administrator on February 13, 1892; and that the defendants conspired in contempt of the injunction granted on January 20, 1892, procured the execution and record of a deed from Jim Hogan, administrator, to Ruth Hogan, his wife, and demanded possession of the premises, seeking to slander and imprison(?) petitioner's title as administrator of Sarah Hogan. Wherefore he prays to be made a party plaintiff; that the pretended deed from Jim Hogan, administrator, to Ruth Hogan, be cancelled; and that the defendants each be absolutely enjoined from all further proceeding against the house and lot.

On oral demurrer the petition was dismissed.

C. P. Crawford, for plaintiff.

D. B. Sanford, for defendant.